IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:11cr75-WKW |
| | ) | |
| ELI PERETZ, A.K.A. "ISRAEL" | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on defendant's motion to dismiss (Doc. # 97). Pretrial motions were due in this case on or before June 14, 2011, two days prior to the first pretrial conference scheduled for June 16, 2011. Order on Arraignment at 2 (Doc. # 38) ("All pretrial motions under Fed. R. Crim. P. 12(b) ... must be filed no later than **TWO DAYS BEFORE THE FIRST PRETRIAL CONFERENCE**[1] **HELD IN THIS CASE**... . No motion filed after this date will be considered unless filed with leave of court.")(emphasis in original). Defendant's motion – which is brief, conclusory, and unsupported by any citation to case law – does not establish cause for a late filing. Accordingly, the motion is due to be denied as untimely.

In addition, "'[a]n indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment

---

[1] In this case, the first pretrial conference was continued to June 29, 2011. However, the arraignment order provides that "A continuance of the pretrial conference or trial does not extend the motions deadline." Order on Arraignment at 2 (Doc. # 38).

as a bar against double jeopardy for any subsequent prosecution for the same offense.'" United States v. Schmitz, 634 F.3d 1247 (11th Cir. 2011)(citation omitted). Pursuant to precedent binding on this court, "a [21 U.S.C.] Section 846 indictment is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy." United States v. Benefield, 874 F. 2d 1503, 1506 (11th Cir. 1989) (citing United States v. Marable, 578 F. 2d 151, 153-54 (5th Cir. 1978.) The indictment in the instant case meets these criteria. The charge is legally sufficient.

## Conclusion

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before November 23, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 9th day of November, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE